Paul J. HURN and Marjorie E. Hurn, husband and wife, Plaintiffs-Appellants,

v.

AGRICULTURAL STABILIZATION AND CONSERVATION COMMITTEE FOR STEVENS COUNTY, WASHINGTON, Washington State Committee, Stanton H. Ganders, State Executive Director, and Stevens County Members (ASCS), Bill L. Krick, Chairman, Claude C. Carr, Clark Hedrick, Martin E. Wold, County Supervisor, Lowell Isaksen and James M. Dungan, Office Manager, Defendants-Appellees.

No. 24055.

United States Court of Appeals, Ninth Circuit.

Feb. 10, 1970.

William C. Harrison (argued), Spokane, Wash., for appellants.

Carroll D. Gray (argued), Asst. U. S. Atty., Dean C. Smith, U. S. Atty., Spokane, Wash., for appellees.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

On May 31, 1966, appellant Paul J. Hurn entered into a Cropland Adjustment Agreement with the Secretary of Agriculture under the Cropland Adjustment Program, 79 Stat. 1206, 7 U.S.C. § 1838 (1965). The agreement provided that in return for certain benefits appellant would divert designated farmlands from production and maintain vegetative cover on the diverted acreage. The agreement also provided that the acreage was not to be grazed and, by incorporating the regulations issued under the Program, required the farmland owner to "carry out such measures as are needed for the control of * * * weeds." 7 C.F.R. § 751.119 (1969).

Determining compliance with the agreement is left to the county and state Agricultural Stabilization and Conservation Committees. 7 C.F.R. § 751.103 (1969). A failure to comply may result in termination of the agreement. 7 C.F.R. § 751.124(d).

On September 12, 1967, appellant's agreement was terminated by the Stevens County A.S.C. Committee because of continued grazing on the designated acreage and appellant's failure to take measures to control weeds. This decision was affirmed by the Washington State A.S.C. Service and the Secretary

of Agriculture. On petition for review, the district court found substantial evidence to support the administrative determination. We affirm.

The record reveals several specific instances of reported cattle grazing and weeds growing on the designated acreage. Despite warnings to the appellant, violations continued. Appellant's good faith and hardship, while they were entitled to and were given consideration, cannot relieve him of his responsibilities under the Cropland Adjustment Agreement.

The district court did not err in granting appellee's motion for summary judgment.